> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014[*]
Decided April 18, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3003

| | |
|---|---|
| MUTTAQIN FATIR ABDULLAH, <br>     *Plaintiff–Appellant*, <br><br> v. <br><br> PATRICE BATES, *et al.*, <br>     *Defendants–Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 2:12-cv-00062-WTL-MJD <br><br> William T. Lawrence, <br> *Judge*. |

**O R D E R**

Federal inmate Muttaqin Fatir Abdullah appeals the grant of summary judgment for defendant prison officials in this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on the ground that he failed to exhaust his administrative remedies. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Mr. Abdullah sued numerous staff members at the federal penitentiary in Terre Haute, Indiana, after he was injured during a scuffle with correctional officers. As explained in his complaint, he had confronted his case manager, Patrice Bates, about his cell being reassigned while he was hospitalized outside the penitentiary. Ms. Bates replied that she did not think he would be returning to Terre Haute, and a verbal spat ensued. This drew the attention of three nearby correctional officers who, Mr. Abdullah says, threw him to the ground, choked him, pushed their fingers into his eyes, sexually assaulted and humiliated him, and then placed him into segregation.

Mr. Abdullah first sought relief through the prison's grievance process. After meeting with a correctional counselor, he filed a request for administrative remedy (BP-9). That request was rejected as untimely, but he was allowed to refile after showing that the untimeliness resulted from staff delay. The complaint was denied. Mr. Abdullah's appeal (BP-10) to the Regional Director also was denied, on the grounds that he had used an improper form and exceeded the page limit. Two subsequent appeals were rejected on the same grounds, and a fourth appeal was denied as untimely. Mr. Abdullah did not appeal to the Bureau of Prisons' General Counsel, the highest level of appeal available.

Instead Mr. Abdullah filed this *Bivens* action, alleging that Ms. Bates and the correctional officers violated his constitutional rights when they assaulted and humiliated him during the scuffle. The defendants moved to dismiss Mr. Abdullah's complaint or, alternatively, for summary judgment because Mr. Abdullah failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e(a), by not appealing the denial of his claim to the General Counsel. The district court accepted the defendants' exhaustion argument, determining that Mr. Abdullah failed to appeal properly to the Regional Director or to appeal at all to the General Counsel; the court thus granted the motion for summary judgment and dismissed the suit without prejudice. (Dismissals without prejudice normally do not confer appellate jurisdiction under 28 U.S.C. § 1291, but Mr. Abdullah can no longer file or appeal his grievance, so the dismissal acts as a final order and secures our jurisdiction. *See Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006).)

On appeal Mr. Abdullah submits that he was not required to exhaust administrative remedies because (1) he sought only monetary damages and (2) exhaustion would have been futile. Neither contention is availing. Since the Prison Litigation Reform Act of 1995 was enacted, exhaustion has been required even where the sole relief sought is monetary damages, *see Woodford*, 548 U.S. at 85 (citing *Booth v.*

*Churner*, 532 U.S. 731, 734 (2001)), and where the plaintiff believes exhaustion would be futile, *Booth*, 532 U.S. at 741 n.6; *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Mr. Abdullah further appears to argue that his failure to exhaust should be excused because he tried to comply with the grievance process but was rebuffed by wrongdoing on the part of the prison employees. He says that his correctional counselor "manipulated" the process by "placing the wrong date on the BP-8 grievance form," thereby stymieing his attempt to exhaust administrative remedies. (Appellant's Br. at 2.)

The district court properly granted summary judgment to the defendants. First, Mr. Abdullah's claim that someone altered his documents is irrelevant. Though a staff member did use the wrong date on Mr. Abdullah's grievance form, the date was corrected, and the corrected form was accepted by the prison. Second, Mr. Abdullah has not mounted any other challenge to the court's determination that he failed to appeal properly to either the Regional Director or the General Counsel. None of his appeals to the Regional Director were proper: His fourth and final attempt was untimely, and unlike his earlier untimely BP-9, he did not attempt to excuse his late filing. Nor did he file a BP–11 form with the General Counsel, as is required, 28 C.F.R. § 542.15(a); *Kaba*, 458 F.3d at 681; *McCoy v. Gilbert*, 270 F.3d 503, 507 (7th Cir. 2001).

AFFIRMED.